## DANIEL KIEF, Sr., *v.* THE STATE.

ASSAULT.— Under article 489 of the Revised Penal Code an assault may be committed by "the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object." *Held,* that the ability to commit a battery need not be shown in order to constitute or prove such an assault. (*McKay* v. *State,* 44 Texas, 43, and *Jarnigan* v. *State,* 6 Texas Ct. App. 465, were cases decided before the enactment of the Revised Codes.)

APPEAL from the County Court of Dallas. Tried below before the Hon. R. E. BURKE, County Judge.

Appellant was prosecuted by information for an aggravated assault on his daughter, on the 15th day of August, 1880. The jury found him guilty, and assessed his punishment at a fine of $130.

The evidence shows that the appellant, under the influence of ardent spirits, flew into a furious passion at his daughter, and with an open razor in his hand, and using violent threats, approached and terrified her, but that she made her escape before he got nearer to her than twelve or fourteen feet. The defense maintained that at such a distance he had no ability to commit a battery on her with a razor, and that therefore his conduct did not constitute an assault.

*Stemmons & Field*, for the appellant.

*H. Chilton*, Assistant Attorney General, and *H. M. Holmes*, for the State.

HURT, J. The appellant was convicted of an aggravated assault, and from the judgment thereon he appeals to this court. The record as well as the brief and argument of counsel for appellant present but one question for our decision, which is, must the assailant under all circumstances and in every case have in fact the ability to commit the battery? (We are not considering the question of burden of proof.)

The Penal Code, as explained in *McKay* v. *State*, 44 Texas, 43, made it absolutely necessary to the commission of an assault that the party have the ability to inflict the violence and battery. And as great indignities and injuries can be inflicted upon the mind and feelings of individuals without the ability in fact to inflict or commit a battery, our Code, since the decision was made in the

McKay case, has provided "that the use of any *danger-ous weapon*, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, under circumstances calculated to effect that object, comes within the meaning of an assault. Under this provision the ability to commit a battery which was before abso-lutely necessary under the McKay case, is now under a proper state of facts unnecessary. The assault is com-plete if the party uses a dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object. With the policy of the law this court has nothing whatever to do.

We are therefore of the opinion that under this pro-vision of the Penal Code the evidence supports the verdict of the jury. The judgment is therefore affirmed.

*Affirmed.*